**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

---

**SECURITIES AND EXCHANGE COMMISSION,**
100 F Street, NE
Washington, DC 20549-4010,

                                   **Applicant,**

v.

**RICHARD GROSSMAN,**
259 Oakford Street
West Hampstead, NY 11552,

                                   **Respondent.**

---

**APPLICATION OF SECURITIES AND EXCHANGE COMMISSION**
**FOR AN ORDER TO SHOW CAUSE AND AN ORDER**
**REQUIRING COMPLIANCE WITH COMMISSION SUBPOENA**

     1.     Respondent Richard Grossman ("Grossman") has refused to comply with a Subpoena issued by the Securities and Exchange Commission ("SEC") in connection with its formal investigation into potential violations of the federal securities laws ("Subpoena") related to suspicious trading in shares of Ohr Pharmaceutical, Inc. ("Ohr"). Grossman's counsel has indicated that Grossman will not comply with the Subpoena, and will refuse to produce any documents and will not appear for testimony, absent a court order directing him to do so.

     2.     The Subpoena requires Grossman to produce documents which show, among other things, his acquisition and disposition or sale of Ohr common stock and his communications during the two weeks prior to Ohr publicly releasing the results of an exploratory study of its lead product. The Subpoena also required Grossman to appear at the SEC's headquarters in Washington, D.C., to provide testimony relating to his

suspicious trading activity. The requested documents and testimony are unquestionably relevant to the ongoing investigation into possible violations of the federal securities laws.

3. The SEC respectfully requests that the Court issue an Order, in the form submitted, requiring Grossman to show cause why he should not be ordered by this Court to produce documents and appear for testimony pursuant to the SEC's Subpoena.[1]

4. Jurisdiction is conferred upon this Court, and venue properly lies within the District of Columbia, pursuant to Section 22(a) of the Securities Act of 1933 ("Securities Act"), 15 U.S.C. § 77v(b), and Section 21(c) of the Securities Exchange Act of 1934 ("Exchange Act"), 15 U.S.C. § 78u(c). Venue is proper before this Court because the investigation is being conducted by SEC counsel in the SEC's headquarters in Washington, D.C. and an SEC subpoena enforcement action may be brought in any district court "within the jurisdiction of which such investigation or proceeding is carried on." 15 U.S.C. § 78u(c).

5. In support of this Application, the SEC submits the accompanying Declaration of staff attorney Ivan Snyder ("Snyder Decl.") along with attached exhibits, and a Memorandum Of Law In Support Of Application For An Order To Show Cause And An Order Requiring Compliance With Commission Subpoena.

6. On January 11, 2016, pursuant to Sections 19(c) & 20(a) of the Securities Act, 15 U.S.C. §§77s(a) & 77t(a), and Sections 21(a) and 21(b) of the Exchange Act, 15 U.S.C. §§ 78u(a) & 78u(b), the SEC issued an Order Directing Private Investigation and

---

[1] The instant Application technically is not a motion subject to Local Rule 7.1(m). Members of the Division of Enforcement staff nevertheless attempted in good faith to resolve the issues raised in this Application with counsel for Grossman before filing it.

2

Designating Officers to Take Testimony in an investigation captioned, TRADING IN THE SECURITIES OF OHR PHARMACEUTICAL, INC. (the "Formal Order"). Snyder Decl. Exh. 1.

7. On April 18, 2016, SEC counsel served the Subpoena on Grossman requiring him to produce documents on or before May 2, 2012, and to give testimony before the SEC in Washington, D.C. on June 1, 2016. Snyder Decl. Exh. 2. Grossman's counsel has indicated that Grossman will not comply with the Subpoena, and will refuse to produce any documents and appear for testimony, absent a court order directing him to do so. Snyder Decl. ¶¶ Q-R. Grossman has not produced any documents to date and failed to appear for testimony on June 1, 2016. *Id.* ¶¶ O, U.

8. Grossman's documents and testimony are relevant to matters under investigation and may provide evidence as to whether there were violations of the federal securities laws. The requested documents and testimony are, therefore, relevant to the SEC's investigation and within the scope of the Formal Order.

WHEREFORE, the SEC respectfully requests:

**I.**

That the Court enter an Order to Show Cause, in the form submitted, directing Respondent Grossman to show cause why this Court should not enter the proposed Order requiring production of documents and appearance for testimony;

**II.**

That the Court enter an Order, in the form submitted, requiring Respondent Grossman to comply fully with the Subpoena; and

### III.

That the Court Order such other and further relief as may be necessary and appropriate to achieve compliance with the Subpoena.

Dated: June 6, 2016              Respectfully submitted,

/s/ Christian D. H. Schultz
Christian D. H. Schultz (DC Bar # 485557)
    Assistant Chief Litigation Counsel
Scott Friestad
    Associate Director
David Frohlich (DC Bar # 425928)
    Assistant Director
Ivan Snyder (DC Bar # 498461)
    Staff Attorney
Securities and Exchange Commission
100 F Street, N.E.
Washington, D.C. 20549-4010
(202) 551-4740 (Direct)
schultzc@sec.gov

Attorneys for Applicant